**Lisa A. FLAHERTY, Plaintiff,**

v.

**Abraham SEROUSSI, et al., Defendants.**

**No. 5:01–CV–0054(DNH/DEP).**

United States District Court,
N.D. New York.

Oct. 30, 2001.

Office of Elmer R. Keach, III, Albany, NY, Elmer R. Keach, III, of counsel, Esq., for Plaintiff.

Girvin & Ferlazzo, P.C., Albany, NY, Gregg T. Johnson, Esq., of counsel, for Defendants.

1. Plaintiff's complaint also asserts a pendent

## DECISION AND ORDER

PEEBLES, United States Magistrate Judge.

This matter is before the court as a result of defendants' application for a protective order restricting plaintiff's dissemination of a videotape of a deposition to be taken of Gloversville Mayor Abraham Seroussi, one of the defendants in this action. In support of that application, defendants assert that plaintiff's avowed intention to publicize the deposition and make the videotape of it freely available to the media is improper, and suggests a desire to make an impermissible use of material acquired during the course of pretrial discovery. Plaintiff vigorously opposes the request for a protective order, contending that the grounds advanced by defendants do not rise to the level of good cause required to support the issuance of a protective order, and that entry of a protective order as contemplated by the defendants would unduly hamper the public's access to materials bearing upon matters of significant public interest.

Whatever may be said concerning the wisdom *vel non* of plaintiff's design to air her legal claims in the media, rather than focusing on this litigation, having considered the matter carefully and weighed the competing considerations at play I find that defendants have not established good cause for the issuance of a protective order, particularly given the public interest associated with claims and defenses raised in the suit and the lack of any intention on the part of plaintiff to gain commercial advantage through her efforts to use the deposition. Accordingly, defendants have failed to establish their entitlement to the protective order which they seek.

## I. BACKGROUND

Plaintiff commenced this action on January 12, 2001 asserting claims under 42 U.S.C. § 1983, based upon defendants' alleged violation of her rights of privacy and freedom of association under the First Amendment, and deprivation of equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution.[1] *See* Complaint (Dkt.

state law breach of contract claim. Complaint

No. 1) ¶¶ 33–46. In her complaint, plaintiff has named Abraham Seroussi, the Mayor of Gloversville; Karen Reid, the city's Commissioner of Finance; and the city itself as defendants, and seeks recovery of compensatory and punitive damages, as well as costs and attorneys' fees.[2] *Id.*

In her complaint plaintiff has challenged defendants' failure to reappoint her in 2001 as the Gloversville Deputy Commissioner of Finance—a position in which she served from January of 1999 through the end of 2000. *Id.* ¶¶ 9–32. Plaintiff attributes that decision to her amorous relationship with Paul Reid, a Gloversville City Councilman, noting that in the past "Councilman Reid... has been openly critical of the fiscal policies of the City of Gloversville and the Mayoral term of Defendant Seroussi" and that "Mayor Seroussi and Councilman Reid have a contentious, if not hateful, relationship with each other." *Id.* ¶ 17.

During a conference conducted by the court on October 10, 2001, plaintiff reiterated her previously-announced desire to take the deposition of Mayor Seroussi, and stated her intention to make a sound-and-visual recording of that deposition. In response to this suggestion, defendants have now requested the issuance of a protective order to shield Mayor Seroussi from what they perceive to be the embarrassment of plaintiff's intended media distribution of the videotape of Mayor Seroussi's deposition. Following a discussion

(Dkt. No. 1) ¶¶ 47–50.

2. In response to a recent motion by plaintiff for leave to amend, I issued an order dated October 16, 2001, in which, *inter alia*, she was granted permission to add a claim for injunctive relief, and to increase the amount of punitive damages she seeks. Dkt. No. 44.

3. These submissions, to which I have cited within this opinion, shall be docketed by the court clerk.

4. Rule 30(b)(2) of the Federal Rules of Civil Procedure permits a party to specify video recording as a means of recording a deponent's testimony, and no court order permitting videotaping is required. Fed.R.Civ.P. 30(b)(2) ("Unless the court orders otherwise, [a deposition] may be recorded by sound, sound-and-visual, or stenographic means ..."); *Drake v. Benedek Broad. Corp.*, No. Civ.A. 99–2227–GTV, 2000 WL 156825, at *1(D.Kan. Feb.9, 2000). Under Rule

of that issue, both parties were asked to provide the court with simultaneous submissions addressing the issue, which is now ripe for determination.[3]

## II. *DISCUSSION*

In their motion, defendants do not oppose plaintiff's efforts to videotape Mayor Seroussi's deposition for use at trial.[4] Instead, they express concern over plaintiff's manifest intent to publicly humiliate Mayor Seroussi in the eyes of his constituents, and for this reason seek the issuance of a protective order restricting plaintiff's use and reproduction of videotapes of Mayor Seroussi's deposition. *See* Letter from Tanya A. Yatsco, Esq., dated October 19, 2001 ("Yatsco Letter") at 3. Plaintiff opposes this request for a protective order, arguing that good cause sufficient to overcome the "presumption that discovery materials are open to public inspection" has not been demonstrated, citing *Mathias v. Jacobs*, 197 F.R.D. 29 (S.D.N.Y.2000), *vacated on other grounds*, 167 F.Supp.2d 606 (S.D.N.Y.2001). *See* Letter from Elmer Robert Keach, III, Esq., dated October 19, 2001 ("First Keach Letter") at 2.

Rule 26(c) of the Federal Rules of Civil Procedure, which authorizes the issuance of protective orders, provides that such an order may be issued in connection with discovery necessary "to protect a party or person from annoyance, embarrassment, op-

30(b)(2), a party is not required to justify a decision to videotape a deposition, and ordinarily may freely do so absent a court order to the contrary. *Id.; see also Paisley Park Enters., Inc. v. Uptown Prods.*, 54 F.Supp.2d 347, 348 (S.D.N.Y.1999). The liberalization of the Federal Rules of Civil Procedure to more fully permit videotape recording of depositions reflects a belief that the use of such technology enhances parties' presentation at trial, particularly before juries, of deposition testimony which historically was limited in form to "readings from cold, printed records." *Paisley Park Enters.*, 54 F.Supp.2d at 349. Since the rules freely permit the making of a record of deposition testimony by videotaping, plaintiff's proposal to make a sound-and-visual recording of Mayor Seroussi's deposition, either as an alternative to or in tandem with a deposition transcript prepared through stenographic means, is entirely permissible.

298

pression, or undue burden or expense ...".[5] Fed.R.Civ.P. 26(c). As a prerequisite to the issuance of such a protective order, Rule 26(c) requires a showing of "good cause". *Id.; see also In re "Agent Orange" Product Liability Litigation*, 821 F.2d 139, 145–46 (2d Cir.), *cert. denied sub nom., Dow Chem. Co. v. Ryan*, 484 U.S. 953, 108 S.Ct. 344, 98 L.Ed.2d 370 (1987). Once good cause has been demonstrated, the burden then shifts to the party resisting the issuance of the order to show why the court should allow free dissemination of the disputed discovery materials. *Culinary Foods, Inc. v. Raychem Corp.*, 151 F.R.D. 297, 300–01 (N.D.Ill.1993) (citation omitted).

Rule 5(d) of the Federal Rules of Civil Procedure, as it existed prior to amendment which took effect on December 1, 2000, required the filing of discovery materials in the absence of a countervailing court order.[6] That rule reflected a "concern that ... the general public be afforded access to discovery materials whenever possible." *In re "Agent Orange"*, 821 F.2d at 146. This has led some courts to recognize a "presumption that discovery materials are open to public inspection." *Mathias*, 197 F.R.D. at 47 (cit-

ing *Hawley v. Hall*, 131 F.R.D. 578, 581 (D.Nev.1990)).[7] At a minimum, the governing rules strongly suggest a philosophy which favors free access to discovery materials in the absence of countervailing considerations.

Notwithstanding the notion that materials obtained during the course of pretrial discovery should ordinarily be freely accessible, the court may find it appropriate to issue a protective order restricting access to such materials in accordance with Rule 26(c), based upon a showing of good cause. As good cause for the issuance of a protective order, defendants cite to plaintiff's express intention to publicly disseminate the videotape of the Mayor's deposition, including to the media, based upon past statements made by plaintiff's counsel to local media representatives to the effect that he "relish[es] the opportunity to question Mr. Seroussi about what happened here" and that he is "going to concentrate [his] efforts on knocking Mayor Seroussi's teeth down his throat." Yatsco Letter at 2. Rather than denying this allegation, plaintiffs' counsel readily admits his intention to publicize the Mayor's deposition, championing "the rights of the citizens of Gloversville

---

**5.** That rule provides in relevant part that
> [f]or good cause shown, the court ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> 1) that the disclosure or discovery not be had;
> 2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
> 3) that the discovery may be had only by a method of discovery other then that selected by the party seeking discovery;
> 4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;
> 5) that discovery be conducted with no one present except persons designated by the court;
> 6) that a deposition, after being sealed, be opened only by order of the court;
> 7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and
> 8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

Fed.R.Civ.P. 26(c).

**6.** Prior to December 1, 2000, that rule provided that
> [a]ll papers after the complaint required to be served upon a party, together with a certificate of service, shall be filed with the court within a reasonable time after service, but the court may on motion of a party or on its own initiative order that depositions upon oral examination and interrogatories, requests for documents, requests for admission, and answers and responses thereto not be filed unless on order of the court or for use in the proceeding.

Fed.R.Civ.P. 5(d). This court neutralized the effects of former Rule 5(d) by local rule, which restricted the filing of discovery materials to those to be utilized at trial or in support of a motion. Northern District of New York Local Rule 26.2.

**7.** One authoritative source suggests the possibility that recent amendments to Rule 5(d), restricting the filing of discovery materials, may significantly undermine the argument that the rules favor free public access to discovery materials. *See* 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2042 (Supp.2001).

to see and hear the Mayor 'explain' his actions."[8]  First Keach Letter at 3.

■ The mere fact that some level of discomfort, or even embarrassment, may result from the dissemination of Mayor Seroussi's deposition testimony is not in and of itself sufficient to establish good cause to support the issuance of protective order. *Culinary Foods*, 151 F.R.D. at 301; *Hawley*, 131 F.R.D. at 584–85. To rise to a level of good cause, any such embarrassment must be substantial. *Id.; see also Mathias*, 197 F.R.D. at 47.

■ To support their request for a protective order, defendants rely heavily upon *Paisley Park Enterprises* and *Drake*. In *Paisley Park Enterprises*, the plaintiff sought to prevent the distribution of a videotape of the deposition of one of the plaintiffs, Prince Roger Nelson—better known to music fans as "Prince". 54 F.Supp.2d at 347. The court acknowledged defendants' right under Rule 30(b)(2) to make a videotape recording of Prince's deposition, and thus permitted its taping. *Id.* at 348–49. Citing to the court's responsibility to insure that its function—to provide "a system for the resolution of what usually are private disputes . . ."—is preserved, however, District Judge Kaplan rejected defendants' attempts to utilize the videotape depositions for extra-litigation purposes and directed the issuance of a protective order permitting the preparation of a videotape recording of the deposition but severely restricting its dissemination. *Id.* at 349–50.

Like *Paisley Park Enterprises, Drake* also represents a case involving an attempt by a party to gain commercial advantage from use of a deposition taken in a lawsuit. In *Drake* the plaintiff acknowledged his intent to use the deposition videotape at issue to compile a documentary advertised for sale at $199.99 per copy. 2000 WL 156825, at *1. Relying heavily upon the Southern District's decision in *Paisley Park Enterprises*, the court in *Drake* authorized the issuance of a protective order to prohibit commercial use of a deposition taken during the litigation, noting that

"[a]s *Paisley Park Enterprises* . . . recognized, courts must be vigilant to insure that its [sic] processes are not used improperly for purposes unrelated to their role." *Id.,* at *2.

Both *Paisley Park Enterprises* and *Drake* are readily distinguishable from the situation now presented, since both dealt with efforts to make commercial use of otherwise private deposition testimony. The court in *Paisley Park Enterprises* specifically made reference to this compelling distinction, noting that "[a]ny number of civil cases involve characteristics that take them out of the category of purely private matters. Certainly those in which the government itself is a party are a ready example." *Paisley Park Enters.*, 54 F.Supp.2d at 349 n. 4.

In cases where issues of strong public interest favoring the free dissemination of discovery materials are at play, the normal practice of not according discovery materials the same degree of access as those filed in connection with trial gives way to a presumption of open inspection. Thus, for example, in *Culinary Foods*, the court was persuaded that dissemination of information concerning products alleged to be hazardous should be permitted in the face of efforts to obtain protection under Rule 26(c). 151 F.R.D. at 301.

Rather than falling within the contours of *Paisley Park Enterprises* and *Drake*, the circumstances involved in the case are more akin to those presented in *Hawley*. As in this action, the plaintiff in *Hawley* asserted civil rights claims asserted against a city—in that case, Las Vegas, Nevada—and various of its elected officials. 131 F.R.D. at 580. The defendant in that emotionally charged and highly publicized action sought a protective order sealing transcripts of depositions and other discovery materials after the mayor's deposition transcript was disseminated to the media, resulting in some thirteen newspaper articles based upon the transcript. 131 F.R.D. at 580–81. The court denied that motion, finding that the modest potential for embarrassment to the defendants did not rise to a level sufficient to establish just

---

8. This intention is reinforced in a more recent letter from plaintiff's counsel. *See* Letter from

Elmer R. Keach, III., Esq., dated October 23, 2001 ("Second Keach Letter") at 1.

**300**

cause and observing that "[t]he public interest in the conduct of public officials, elected and appointed, outweighs the minimal harms tendered by the defendants as good cause in this case." 131 F.R.D. at 585.

As can be seen, the present motion brings into focus the inherent tension resulting from two strong competing considerations. On the one hand, the court must be cognizant of its function to provide a means of efficiently and justly resolving private disputes through the litigation process, and vigilant to guard against any misuse of the system which would detract from this purpose. There is, however, a strong, legitimate public interest on the part of the citizenry to have unfettered access to court proceedings, particularly when they involve elected officials and the performance of their governmental responsibilities. Given this latter consideration and the fact that plaintiff has not evidenced any desire to derive personal, commercial gain from dissemination of Mayor Seroussi's videotaped deposition, the modest embarrassment which might befall him should his videotaped deposition be aired publicly is not sufficient good cause to restrict the public's right of access to that proceeding.

### III. SUMMARY AND CONCLUSION

The grounds asserted by the defendants in support of their request for a protective order precluding the free dissemination to the media of defendant Seroussi's videotaped deposition hinge upon the claim that the plaintiff's stated purpose in distributing the videotaped deposition is to publicly embarrass Mayor Seroussi in the eyes of his constituents. No claim is made, nor is there any indication to believe, that plaintiff intends to utilize the videotape of Mayor Seroussi's deposition for commercial advantage or for any other similarly inappropriate purposes. Based upon the record now before the court, notwithstanding the very distinct possibility that some discomfort may be experienced by the mayor when his videotaped deposition is released publicly, this alone does not constitute good cause for the issu-

ance of a protective order precluding the plaintiff from exercising her right to freely publicize the deposition, nor does it provide a basis to preclude public access to this important component of the litigation process.[9] Accordingly, it is hereby

ORDERED as follows:

1) The clerk is directed to docket the following letters to this court: from Tanya A. Yatsco, Esq., dated October 19, 2001; from Elmer Robert Keach, III, Esq., dated October 19, 2001; and from Elmer R. Keach, III, Esq., dated October 24, 2001;

2) Defendants' application for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure is denied; and

3) The clerk is directed to promptly forward copies of this order to counsel for the parties by first class mail.

during Mayor Seroussi's deposition that it is being conducted in such a manner as to unreasonably annoy, oppress or embarrass him.

---

**9.** This determination is made without prejudice to the defendants' right to reapply to the court for protective relief under Rule 30(d)(4) of the Federal Rules of Civil Procedure should it appear